IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KYOKO TOKUYAMA,

        Petitioner,

    v.

ELIZABETH GODFREY, Assistant Field Office Director, Portland Field Office, U.S. Immigration and Customs Enforcement ("ICE"), NATHALIE R. ASHER, ICE Seattle Field Office Director, JOHN SANDWEG, Acting Director of ICE, RAND BEERS, Acting Secretary of the Department of Homeland Security,

        Respondents.

Case No. 3:14-cv-00147-MA

ORDER

MARSH, Judge

    Petitioner, an ICE detainee, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.[1] Petitioner alleges that she was taken into ICE custody on January 24, 2014, and "faces imminent transfer" to ICE's Tacoma detention center. Petitioner

---

[1] Petitioner does not cite to any specific habeas statute. The court presumes petitioner seeks to proceed pursuant to 28 U.S.C. § 2241(c)(3).

1 - ORDER

alleges that she speaks only broken English and suffers from schizophrenia. Petitioner seeks a temporary restraining order "requiring the respondents to immediately appoint, hire or secure a lawyer for her" in order to prevent the violation of her due process rights.

Pursuant to Fed. R. Civ. P. 65(b), this "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Petitioner has failed to satisfy both requirements. Accordingly, petitioner's motion for a temporary restraining order (#2) is DENIED. To the extent that petitioner seeks to prevent her transfer to Tacoma, the court notes that petitioner has failed to demonstrate that her transfer would cause immediate and irreparable injury. Moreover, petitioner's transfer would not defeat this court's habeas jurisdiction.

## CONCLUSION

Based on the foregoing, petitioner's motion for a temporary restraining order (#2) is DENIED. However, this court shall serve

respondents and issue an expedited scheduling order for further briefing by the parties.

IT IS SO ORDERED.

DATED this 28 day of January, 2014.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge